**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | Case No. 1:21-cv-884-EGS |
| Plaintiff, | |
| v. | **FEDERAL DEFENDANTS' OPPOSITION TO WESTLANDS WATER DISTRICT'S MOTION TO INTERVENE** |
| U.S. FISH AND WILDLIFE SERVICE, et al., | |
| Federal Defendants. | |

Federal Defendants hereby oppose Westlands Water District's ("WWD") motion to intervene as of right or permissively as a defendant in this proceeding. ECF No. 11 ("Motion"). WWD seeks to intervene so as to be involved in the "decision to list (or not list)" the Longfin Smelt (*Spirinchus thaleichthys*) (San Francisco Bay-Delta distinct vertebrate population segment) ("Longfin Smelt DPS") as threatened or endangered under the Endangered Species Act ("ESA"). As explained below, the Court should deny WWD's motion for intervention as of right because WWD lacks standing, lacks a legally protectable interest in the claims challenging the Service's "warranted but precluded" finding for the Longfin Smelt DPS, and disposition of this case will not impair WWD's ability to protect its contractual water interests in the Central Valley Project ("CVP"). Further, the Court should not grant permissive intervention because it is unnecessary; WWD will have an opportunity to participate in any rulemaking process to list the Longfin Smelt DPS, and to challenge any future final listing in court, if the Service finalizes a listing.

I.      BACKGROUND

    A.  Statutory Background

    The ESA directs the Secretaries of the Interior and Commerce[1] to determine whether

species should be listed as "endangered" or "threatened."[2] 16 U.S.C. § 1533. Any "interested

person" may petition "to add a species to, or to remove a species from" the list of endangered or

threatened species. *Id.* § 1533(b)(3)(A). Upon receipt of such a petition, the U.S. Fish and

Wildlife Service ("Service") must "[t]o the maximum extent practicable," make a finding within

90 days ("90-day finding") as to whether the petition presents "substantial scientific or

commercial information indicating that the petitioned action may be warranted." *Id.* If the

finding is that the petition presents "substantial scientific or commercial information indicating

that the petitioned action may be warranted," the Service must commence a status review. *Id.*

    Following completion of the status review, the Service must, within 12 months after

receiving a petition to list a species, issue one of the following findings ("12-month finding"): (a)

the petitioned action is not warranted; (b) the petitioned action is warranted; or (c) the petitioned

action is warranted but precluded by higher-priority pending proposals (to make this finding, the

Service must also find that expeditious progress is being made to list, delist, or reclassify

species). *Id.* § 1533(b)(3)(B); 50 C.F.R. § 424.14(h)(2). If the Service concludes that listing is

"not warranted," the listing process for that petition ends. However, if the Service determines

that listing is "warranted," it must promptly publish "a general notice and the complete text of a

---

[1] The Longfin Smelt DPS falls under the jurisdiction of the Department of the Interior. The Secretary of the Interior has delegated ESA listing responsibilities to the U.S. Fish and Wildlife Service.

[2] An "endangered species" is "in danger of extinction throughout all or a significant portion of its range" while a "threatened species" is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(6), (20).

proposed regulation to implement" the listing ("proposed rule"). *Id.* § 1533(b)(3)(B)(ii), (b)(5)(A)(i).

With respect to the third type of 12-month finding—a "warranted but precluded" finding—the Service must conclude that the listing of a species is warranted, but that:

> (I)    the immediate proposal and timely promulgation of a final regulation implementing [listing] . . . is precluded by pending proposals to determine whether any species is an endangered species or a threatened species, and
>
> (II)   expeditious progress is being made to add qualified species to [the endangered and threatened] lists . . . and to remove from such lists species for which the protections of [the ESA] are no longer necessary.

*Id.* § 1533(b)(3)(B)(iii). Those species whose listings have been found to be warranted but precluded are known as "candidate species." For candidate species, the Service must treat the petition as resubmitted annually and therefore must make a new 12-month finding for the species within a year. *Id.* § 1533(b)(3)(C)(i). The Service publishes these annual findings in a Federal Register document known as the Candidate Notice of Review ("CNOR"). *See, e.g.*, 85 Fed. Reg. 73,164 (Nov. 16, 2020).

### B.  Factual and Procedural Background

As relevant to this intervention motion, upon petition by eight organizations, the Service issued a 90-day finding for the Longfin Smelt DPS on June 24, 1993, stating that the petition presented substantial information indicating the requested listing action may be warranted. 58 Fed. Reg. 36,184 (July 6, 1993). After undergoing a review of the species, the Service made a 12-month finding that the petitioned action was not warranted. 59 Fed. Reg. 869 (Jan. 6, 1994). Several organizations resubmitted the petition to list the Longfin Smelt DPS, and the Service determined on April 2, 2012, that the petitioned-for action was warranted but was precluded due to higher-priority actions. 77 Fed. Reg. 19,756 (Apr. 2, 2012). The Service added the Longfin

Smelt DPS to the list of Candidates and re-evaluated the DPS's status each year thereafter, pursuant to 16 U.S.C. § 1533(b)(3)(C)(i). On November 16, 2020, the Service published its most recent CNOR, finding again that listing the Longfin Smelt DPS is warranted but precluded due to higher-priority actions. 85 Fed. Reg. 73,164 (Nov. 16, 2020). The 2020 CNOR explained the factors that the Service applied for determining that listing is warranted but precluded by other pending listing actions: "(1) The amount of resources available for completing the listing function, (2) the estimated cost of completing the proposed listing regulation, and (3) the Service's workload, along with the Service's prioritization of the proposed listing regulation, in relation to other actions in its workload." *Id.* at 73,167.

On April 1, 2021, Plaintiff filed the Complaint initiating this proceeding. ECF No. 1. Plaintiff brings its claims under the ESA and Administrative Procedure Act, alleging that the Service's finding that listing ten species, including the Longfin Smelt DPS, is warranted but precluded was arbitrary and capricious. On May 5, 2021, before any other substantive filings were entered, Westlands Water District filed its motion to intervene. ECF No. 11.

## II.   ARGUMENT

The Court should deny WWD's motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a), or alternatively, to intervene permissively pursuant to Fed. R. Civ. P. 24(b).

### A.  WWD Does Not Qualify for Intervention as of Right

Intervention as a matter of right is governed by Fed. R. Civ. P. 24(a). The D.C. Circuit has adapted the requirements of Rule 24(a) into a four-part test to determine if a party should be permitted to intervene as of right: (1) the motion must be timely; (2) the applicant must claim an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede

the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). In addition to satisfying these criteria, a party seeking leave to intervene as of right in the D.C. Circuit must demonstrate that it has standing under Article III of the Constitution. *See United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1145–46 (D.C. Cir. 2009).

### 1. WWD Lacks Standing to Intervene as of Right

To demonstrate Article III standing, a party must show: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To show an "injury-in-fact," a party must establish the invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (citations omitted). For prospective injuries like those alleged by WWD here, the imminence requirement means that the injury must be "certainly impending." *Id.* at 564 n.2 (citations omitted). To demonstrate causation, a party must show an injury traceable to the challenged action. *Id.* at 560. The injury must be such that redress by a favorable decision is likely, as opposed to simply speculative. *Id.* at 561. WWD fails to meet each of these three prongs for standing.

First, the injury alleged by WWD is not concrete or imminent. WWD does not, and cannot, assert that it is currently suffering any injury pertaining to this action. "Where there is no actual harm . . . its imminence (though not its precise extent) must be established." *Lujan*, 504 U.S. at 564. As to a future injury, WWD can only speculate that the resolution of this action may impact CVP water supply or create further ESA consultation obligations. Motion at 6, 7. WWD acknowledges the conjectural nature of its interest, using phrases like "will almost certainly" and

"may further restrict" to describe the detriment it fears could arise. Motion at 7. This does not

satisfy the "concrete" or "imminent" elements required to show injury-in-fact. *See Clapper v.*

*Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (explaining that a party must demonstrate its

predicted injuries are "*certainly* impending," which excludes injuries that are merely "possible"

(citations omitted)).

Similarly, WWD has failed to satisfy the causation prong of the Article III standing test.

For WWD's interests to be affected, the following chain of events must occur: (1) Federal

Defendants lose on the merits of this case, (2) the Court enters an order mandating that the

Service issue a proposed rule to list the Longfin Smelt DPS (as opposed to a new 12-month

finding),[3] (3) the Service undergoes its mandatory notice-and-comment rulemaking process for

the proposed rule, (4) the Service determines that the Longfin Smelt DPS meets the definition of

a "threatened species" or "endangered species" and issues a final rule listing the Longfin Smelt

DPS, (5) CVP operations are subject to further ESA consultation, and (6) ESA consultation on

the CVP project restricts CVP allocations to WWD's detriment. Motion at 7. This chain of

events is entirely hypothetical. *Cf. Lujan*, 504 U.S. at 560–61, 566 ("[s]tanding is not an

ingenious academic exercise in the conceivable" (internal citation omitted)). Any change or

break in the chain could render WWD's interest irrelevant to this case. Thus, the attenuated chain

of assumptions that WWD uses as a causal connection is too speculative.

WWD also fails to meet the redressability prong for standing because an order from this

Court finding in favor of Federal Defendants—*i.e.*, that the "warranted but precluded" finding

---

[3] Federal Defendants take the position that such an order would not be within the Court's
discretion because the language of the ESA specifies that the step following a warranted but
precluded finding is a re-evaluation of the status of the species and a new 12-month finding, not
an immediate proposed rule. 16 U.S.C. § 1533(b)(3)(C)(i).

for the Longfin Smelt DPS is not arbitrary and capricious—would not prevent WWD's alleged

injuries. The ESA requires the Service not only to annually re-evaluate each species on its

candidate list but also to promptly publish a proposed listing rule for a species on its candidate

list if it determines during such annual evaluation that listing is warranted and is no longer

precluded by higher-priority actions. 16 U.S.C. § 1533(b)(3)(B)(iii) (requiring the Service to find

that issuing a proposed rule is precluded by other pending listing actions and that it is making

"expeditious progress" in its ESA section 4 program). Even if this lawsuit were to resolve in

favor of Federal Defendants, there would be no effect on whether or when the Service issues a

proposed rule for the Longfin Smelt DPS. As the Supreme Court has found, where a party like

WWD claims injury from actions that could occur regardless of the court's ruling, the

redressability prong for standing is not met. *See McConnell v. Fed. Election Comm'n*, 540 U.S.

93, 229 (2003); *Renne v. Geary*, 501 U.S. 312, 319, 326–27 (1991).

### 2. WWD Lacks a Legally Protectable Interest in the Claims Challenging the Service's Warranted-But-Precluded Finding for the Longfin Smelt DPS

The D.C. Circuit has defined a legally protectable interest "as one which is 'of such a

direct and immediate character that the intervenor will either gain or lose by the direct legal

operation and effect of the judgment.'" *See In re Endangered Species Act Section 4 Deadline

Litigation*, 270 F.R.D. 1, 5 (D.D.C. 2010) (citing *United States v. American Tel. & Tel. Co.*, 642

F.2d 1285, 1291–92 (D.C. Cir. 1980)).

WWD's interest in preventing a final listing determination for the Longfin Smelt DPS is

not legally protectable by a judgment of the Court in this case. As explained above in connection

with WWD's failure to show standing, the Court's ruling in this case does not necessarily cause

or prevent the Service from eventually listing the Longfin Smelt DPS under the ESA. WWD will

not gain or lose by the Court's judgment here—rather, WWD can only effectively vindicate its

interests "by participating in the administrative review process for the [Service's] eventual listing

decision." *In re Endangered Species Act*, 270 F.R.D. at 6.

WWD's intervention motion in this case is similar to those considered by the D.C. Circuit

in *In re Endangered Species Act Section 4 Deadline Litigation*, 704 F.3d 972 (D.C. Cir. 2013)

and *Nat'l Ass'n of Home Builders v. U.S. Fish and Wildlife Service*, 786 F.3d 1050 (D.C. Cir.

2015). Both cases involved settlement agreements to establish deadlines for listing candidate

species under the ESA. Proposed intervenors in both cases sought to delay or prevent the

agreements, in an effort to avoid the substantive outcome of any listing decision. The D.C.

Circuit held that the proposed intervenors failed to establish standing because they lacked a

legally protectable interest in preventing or delaying the listing of species under the ESA. *In Re*

*Endangered Species Act*, 704 F.3d at 979; *Nat'l Ass'n of Home Builders*, 786 F.3d at 1053.

Although the challenge at issue in this case is to the Service's "warranted but precluded" finding,

rather than the Service's failure to make 12-month findings, this case similarly concerns the

timing of when the Service takes further action in the listing process, rather than the substance of

whether listing is warranted. For the same reasons that the D.C. Circuit denied intervention in *In*

*re Endangered Species Act* and *Nat'l Ass'n of Home Builders*, this Court should deny WWD's

intervention.

### 3. Disposition of This Case Will Not Impair or Impede WWD's Ability to Protect Its Interests in the Central Valley Project

WWD claims that if Plaintiff were to "achieve its goal, either through settlement or a

favorable ruling from the Court," then Federal Defendants "would be bound to comply with the

court order and proceed with a permanent ESA listing rule," thereby impacting WWD's water

rights from the CVP in a way that provides WWD with "no alternative means to avoid the impact of that judgment." Motion at 8-9.  In addition to the reasons above explaining how WWD's interest in this case is tenuous and premised on speculative injuries, WWD is incorrect that there would be no available outlet for it to defend its interests in the CVP, should Federal Defendants litigate this case and lose on the merits.

If WWD's hypothetical chain of causation were to occur exactly as it predicts, and this Court were to order that the Service issue a proposed rule listing the Longfin Smelt DPS, WWD would have multiple ways to assert and protect its interests. The Service is required to allow the public to comment on a proposed listing rule. 16 U.S.C. § 1533(b)(4), (5); 50 C.F.R. § 424.16(c)(2). WWD would have the opportunity to voice any concerns related to its interests during the notice-and-comment period. WWD could also request that the Service hold a public hearing regarding the proposed rule. 50 C.F.R. § 424.16(c)(3). The Service could determine not to list and withdraw the proposed rule based on additional information and analysis obtained during the rulemaking process. 16 U.S.C. § 1533(b)(6)(A)(i)(IV). Nevertheless, if the Service were to issue a final rule listing the species as threatened or endangered, WWD would be able to challenge the substance of that final listing decision in a separate court proceeding.

## B. The Court Should Deny Permissive Intervention to WWD

A party may move for permissive intervention when, on a timely motion, that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The D.C. Circuit has held that a court may grant permissive intervention where the applicant for intervention shows (1) an independent ground for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a question of law or fact in common with the main action. *Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr.*, 146

F.3d 1042, 1046 (D.C. Cir. 1998). Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. *See id.* at 1048.

As explained above, WWD's interests lie in the substantive outcome of any final listing decision that may occur in the future, rather than in the timing of when that decision gets made (which is the subject of this suit) so intervention here "is not an appropriate mechanism" for WWD to protect its interests. *See In re Endangered Species*, 270 F.R.D. at 6. WWD "can best serve its stated interests by participating in the administrative review process for the [Service's] eventual listing decision" if and when that should occur. *Id.* The case now before the Court offers WWD "no opportunity to effectively vindicate its interests." *Id.*

## III.    CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court deny WWD's motion for intervention.


Dated: May 19, 2021                          Respectfully Submitted,
                                             JEAN E. WILLIAMS,
                                             Acting Assistant Attorney General
                                             SETH M. BARSKY, Section Chief
                                             MEREDITH L. FLAX, Assistant Section Chief

                                             */s/ Taylor A. Mayhall*
                                             TAYLOR A. MAYHALL
                                             Trial Attorney, MN Bar No. 0400172
                                             U.S. Department of Justice
                                             Environment & Natural Resources Division
                                             Wildlife & Marine Resources Section
                                             P.O. Box 7611
                                             Washington, D.C. 20044-7611
                                             Tel: (202) 598-3796
                                             taylor.mayhall@usdoj.gov

                                             *Attorneys for Federal Defendants*