IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) No. 1:21-cv-00884-EGS <br> ) |
| DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior, et al., | ) <br> ) <br> ) <br> ) |
| Defendants, | ) <br> ) <br> ) |

## STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants the United States Fish and Wildlife Service ("FWS"); Debra Haaland, in her official capacity as Secretary of the United States Department of Interior; and Martha Williams, in her official capacity as Director of FWS, (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Endangered Species Act ("ESA") provides that within 12 months after receiving a petition that is found to present substantial information indicating the petitioned action may be warranted, the Secretary shall make a finding as to whether the petitioned action is not warranted, warranted, or warranted but precluded by higher priority actions (collectively, "12-month finding"), 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the ESA provides that if FWS finds that the petitioned action is warranted, it shall promptly publish in the Federal Register "a general notice and the complete text of a proposed regulation to implement" the petitioned action and take other procedural steps, 16 U.S.C. §§ 1533(b)(3)(B)(ii), (b)(4)-(5);

WHEREAS, the ESA provides for judicial review of a not warranted 12-month finding and a warranted but precluded finding, 16 U.S.C. § 1533(b)(3)(C)(ii);

WHEREAS, for any petitioned action that FWS determines is warranted but precluded, the ESA requires FWS to treat the petition as resubmitted as of the date of that finding, as a petition that presents substantial scientific or commercial information that the petitioned action may be warranted, 16 U.S.C. § 1533(b)(3)(C)(i);

WHEREAS, as a means of tracking its resubmitted petitions, FWS adds species for which it has made a warranted but precluded finding to a "candidate species" list, and FWS makes its required annual findings on these species through the Candidate Notice of Review ("CNOR");

WHEREAS, on November 16 2020, FWS published the CNOR identifying eight species that are candidates for listing as threatened or endangered species: Peñasco least chipmunk (*Tamias minimus atristriatus*); gopher tortoise (eastern population) (*Gopherus polyphemus*); longfin smelt (San Francisco Bay-Delta population) (*Spirinchus thaleichthys*); Texas pimpleback (a mussel) (*Cyclonaias petrina*); Texas fawnsfoot (a mussel) (*Truncilla macrodon*); Texas fatmucket (a mussel) (*Lampsilis bracteate*); magnificent ramshorn (a snail) (*Planorbella magnifica*); and bracted twistflower (*Streptanthus bracteatus*). 85 Fed. Reg. 73,164;

WHEREAS, on December 15, 2020, FWS made a 12-month finding that reclassifying the northern spotted owl (*Strix occidentalis caurina*) from a threatened species to an endangered species under the ESA is warranted but precluded. 85 Fed. Reg. 81,144;

WHEREAS, on December 17, 2020, FWS made a 12-month finding that listing the monarch butterfly (*Danaus plexippus plexippus*) under the ESA is warranted but precluded. 85 Fed. Reg. 81,813;

WHEREAS, on January 5, 2021, Plaintiff sent a letter to Defendants stating an intent to file suit challenging FWS's warranted-but-precluded determinations for the 10 species identified above;

WHEREAS, on March 4, 2021, FWS responded to Plaintiff's letter describing the listing actions expected in the coming fiscal years as established by FWS's publicly available domestic listing workplans;

WHEREAS, on April 1, 2021, Plaintiff filed a complaint in the above-captioned action challenging FWS's warranted but precluded determinations for the aforementioned 10 species under the ESA and the Administrative Procedure Act ("APA"). ECF No. 1 ("Complaint");

WHEREAS, on August 16, 2021, the Court granted the parties' joint motion to enter into mediation and stay proceedings. ECF No. 25;

WHEREAS, on August 26, 2021, FWS issued a proposed listing rule for the Texas pimpleback, Texas fawnsfoot, and Texas fatmucket. 86 Fed. Reg. 47,916; *see also* ECF No. 26;

WHEREAS, on September 28, 2021, FWS issued a proposed listing rule for the Peñasco least chipmunk. 86 Fed. Reg. 53,583; *see also* ECF No. 27;

WHEREAS, on November 10, 2021, FWS issued a proposed listing rule for the bracted twistflower. 86 Fed. Reg. 62,668; *see also* ECF No. 28;

WHEREAS, on November 19, 2021, February 14, 2022, and March 11, 2022, the Court granted the parties' joint motions to stay the case while the parties discussed settlement;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

3

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before the following dates, FWS shall submit to the Federal Register for publication either a warranted or a not warranted finding for the:

    a. Gopher tortoise (eastern population) by September 30, 2022.

    b. Longfin smelt (San Francisco Bay-Delta population) by September 30, 2022.

    c. Magnificent ramshorn by September 30, 2022.

    d. Monarch butterfly by September 30, 2024.

2. Plaintiff's claims regarding the Texas pimpleback, Texas fawnsfoot, Texas fatmucket, Peñasco least chipmunk, bracted twistflower, and northern spotted owl shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

3. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking

relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4. In the event that Defendants fail to meet a deadline specified in paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. This Agreement requires only that FWS take the actions specified in paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to FWS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein. To challenge any final determination issued in accordance with this Agreement, Plaintiff will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

6. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or

law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8.	Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9.	The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning Plaintiff's Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10.	The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

12. Plaintiff reserves its right to request attorneys' fees and costs from Defendants, and Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses they may have to Plaintiff's request. The parties request that Plaintiff be given 90 days from this Court's approval of this Agreement to file a potential motion for attorneys' fees and costs pursuant to F.R.C.P. 54(d) so that it may seek to resolve this issue with Defendants without this Court's further involvement.

13. Upon approval of this Agreement by the Court, Plaintiff's claims regarding the species listed in paragraph 1 shall be dismissed with prejudice. Notwithstanding the dismissal of Plaintiff's claims, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: April 26, 2022

Respectfully submitted,

*/s/ Ryan Adair Shannon*
RYAN ADAIR SHANNON
(D.C. Bar No. OR0007)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Tel: (917) 717-6407
E-mail: rshannon@biologicaldiversity.org

*Attorney for Plaintiff*

TODD KIM, Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Taylor A. Mayhall*
TAYLOR A. MAYHALL, Trial Attorney
(MN Bar # 0400172)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3796
Email: taylor.mayhall@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed the foregoing Stipulated Settlement Agreement and [Proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

>
> */s/ Taylor A. Mayhall*
> TAYLOR A. MAYHALL, Trial Attorney
> (MN Bar # 0400172)
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> P.O. Box 7611
> Washington, D.C. 20044-7611
> Tel: (202) 598-3796
> Email: taylor.mayhall@usdoj.gov
>
> *Attorney for Defendants*